UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Suite 410
Melville, New York  11747
(631) 247-0404

ATTORNEY OF RECORD:
    MARC S. WENGER, ESQ.

VIA ECF

---------------------------------------------------------------x

OTILIA MONTANO,

                          Plaintiff,

                -against-

CORWOOD LABORATORIES, INC.,

                        Defendant.

---------------------------------------------------------------x

Civ. No.:  05 CV 2524

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, CORWOOD LABORATORIES, INC., by its undersigned counsel, as and for its Answer to the Complaint of Plaintiff OTILIA MONTANO, states as follows:

**AS TO "PRELIMINARY STATEMENT"**

    1.    Defendant admits that this action purports to seek relief pursuant to the Age Discrimination in Employment Act of 1967 and the New York State Human Rights Law, but denies that Plaintiff has stated a claim under the cited statutes, and also denies that Plaintiff is entitled to any relief thereunder.

**AS TO "JURISDICTION AND VENUE"**

    2.    Defendant admits that Plaintiff purports to invoke this Court's jurisdiction pursuant to the cited statutes, but denies that Plaintiff has stated a claim for which relief could be granted.

3. Defendant denies any allegations of fact contained in paragraph 3 of the Complaint, but does not contest venue.

4. Defendant denies any allegations of fact contained in paragraph 4 of the Complaint.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint, except admits upon information and belief that the EEOC issued a "Dismissal and Notice of Rights" on February 24, 2005.

## AS TO "III. PARTIES"

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

## AS TO "IV. STATEMENT OF FACTS"

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that she turned sixty-five years old in November 2003.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint, except admits that, in the research and development group, Joan Bower was Plaintiff's supervisor.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint, except avers that, as an employee in the research and development group, Plaintiff was responsible for monitoring first product batch transfers in the manufacturing area and, at times, was the only employee with the knowledge to perform such work.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint, except avers that Plaintiff refused to enter the manufacturing area.

26. Defendant admits the allegations contained in paragraph 26 of the Complaint.

### AS TO "FIRST CLAIM FOR RELIEF (ADEA – Age Discrimination)"

27. Defendant repeats, reiterates and realleges each and every response contained in paragraphs numbered 1 through 26, with the same force and effect as if more fully set forth herein.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

4

## AS TO "SECOND CLAIM FOR RELIEF
(NYSHRL – Age Discrimination)"

32. Defendant repeats, reiterates and realleges each and every response contained in paragraphs numbered 1 through 31, with the same force and effect as if more fully set forth herein. Defendant denies the allegations contained in paragraph 33 of the Complaint.

33. Defendant denies the allegations contained in paragraph 34 of the Complaint.

34. Defendant denies the allegations contained in paragraph 35 of the Complaint.

35. Defendant denies the allegations contained in paragraph 36 of the Complaint.

## AS TO "THIRD CLAIM FOR RELIEF
(ADEA – Retaliation)"

36. Defendant repeats, reiterates and realleges each and every response contained in paragraphs numbered 1 through 36, with the same force and effect as if more fully set forth herein.

37. Defendant denies the allegations contained in paragraph 38 of the Complaint.

38. Defendant denies the allegations contained in paragraph 39 of the Complaint.

39. Defendant denies the allegations contained in paragraph 40 of the Complaint.

40. Defendant denies the allegations contained in paragraph 41 of the Complaint.

## AS TO "FOURTH CLAIM FOR RELIEF
## (NYSHRL – Retaliation)"

41.     Defendant repeats, reiterates and realleges each and every response contained in paragraphs numbered 1 through 41, with the same force and effect as if more fully set forth herein.

42.     Defendant denies the allegations contained in paragraph 43 of the Complaint.

43.     Defendant denies the allegations contained in paragraph 44 of the Complaint.

44.     Defendant denies the allegations contained in paragraph 45 of the Complaint.

45.     Defendant denies the allegations contained in paragraph 46 of the Complaint.

## AS TO "VI.  DEMAND FOR JURY TRIAL"

46.     Defendant repeats, reiterates and realleges each and every response contained in paragraphs numbered 1 through 46, with the same force and effect as if more fully set forth herein.

47.     Defendant objects to a jury trial of all issues.  Defendant specifically objects to a jury determination of Plaintiff's claims for equitable relief, including but not limited to front pay and back pay.

## AS TO THE "WHEREFORE" CLAUSE

48.     Defendant denies all allegations not unequivocally admitted herein and further denies that Plaintiff is entitled to the relief requested.

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendants, Defendants assert the following defenses:

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof as to any of the following defenses where law does not impose such burden on Defendant, Defendant asserts the following defenses:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

49. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which damages may be awarded.

### AS A FOR A SECOND AFFIRMATIVE DEFENSE

50. Plaintiff's claims are barred in whole or in part to the extent she failed to satisfy the jurisdictional prerequisites and/or conditions precedent to filing and asserting such claims.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

51. Even if Plaintiff were to prove that some protected category was a factor in any employment decision, Defendant would have made the same employment decision(s) regardless of such factor.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

52. To the extent that Plaintiff's claims are compensable under the New York State Workers' Compensation Law, those claims are barred by the exclusive remedy provisions of that Law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

53. Plaintiff's demand for punitive damages should be dismissed or stricken because Defendant exercised reasonable care to prevent any allegedly discriminatory or retaliatory behavior and because punitive damages are not available under the New York State Human Rights Law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

54. To the extent that Plaintiff failed to make reasonable efforts to mitigate her alleged damages, any damages awarded to Plaintiff should be reduced or eliminated.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

55. Plaintiff's Complaint should be dismissed and/or her demands for relief denied, in whole or in part, to the extent that the facts and discovery may establish the Plaintiff engaged in misconduct prior to or during her employment which was unknown to Defendant and which, if known to Defendant, would have resulted in Plaintiff's termination from employment.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks recovery for claims arising outside the applicable statutes of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred, either in whole or in part, to the extent they were not asserted in the administrative charge filed by Plaintiff with the Equal Employment Opportunity Commission.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

58. The Complaint is barred, in whole or in part, because (a) Defendant exercised reasonable care to prevent and correct promptly any harassing behavior and (b)

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**WHEREFORE**, Defendant prays that the Court grant an Order:

a.   Denying all claims for relief contained in the Complaint;

b.   Dismissing Plaintiff's Complaint with prejudice; and,

c.   Granting to Defendant such other and further relief as the Court deems just and proper.


Dated: Melville, New York
       August 10, 2005

Respectfully submitted,

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Suite 410
Melville, New York   11747
(631) 247-0404

By: _____
      Marc S. Wenger, Esq.


TO:   Saul D. Zabell, Esq.
      ZABELL & ASSOCIATES, PC
      *ATTORNEYS FOR PLAINTIFF*
      700 Lakeland Avenue
      Bohemia, NY 11716
      (631) 589-7242


I:\Clients\C\Corwood-Montano\Pleadings\Answer.doc

9

# CERTIFICATE OF SERVICE

I hereby certify that on this 15${}^{th}$ day of August, 2005, I caused a true and correct copy of the enclosed *Defendant's Answer to Complaint* to be served upon the following parties, via First-Class Mail, by depositing said copy into an official depository under the exclusive care and custody of the United States Postal Service addressed to:

Saul D. Zabell, Esq.
ZABELL & ASSOCIATES, PC
*ATTORNEYS FOR PLAINTIFF*
700 Lakeland Avenue
Bohemia, NY 11716

_____
MARC S. WENGER, ESQ.

I:\Clients\C\Corwood-Montano\Pleadings\Answer.doc